IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DON FOUST,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ORDER AND MEMORANDUM OF DECISION<br><br>Case No. 2:17-cv-01208-TC |

Plaintiff Don Foust filed this action against Defendant Lincoln National Life Insurance Company ("Lincoln"), challenging Lincoln's denial of his claim for long-term benefits ("LTD benefits") and its denial of his claim for certain life insurance benefits ("LWOP benefits"). On September 24, 2019, the court granted Mr. Foust's motion for summary judgment. See Foust v. Lincoln Nat'l Life Ins. Co., Case No. 2:17-cv-01208-TC, 2019 WL 4645416 (D. Utah Sept. 24, 2019).

The court concluded that Mr. Foust was "totally disabled" within the meaning of his insurance policies from August 12, 2014, to October 4, 2015; that he was "partially disabled" from October 5, 2015, to July 2016; and that he was again totally disabled from July 2016 to the date of the order. Id. at *7-8, 10. Because of these findings, the claims were mostly resolved in Mr. Foust's favor. But two issues remained outstanding.

1

First, based on the above, the court held that Mr. Foust was entitled to LWOP benefits between August 12, 2014, and October 4, 2015 (a period of total disability), and was not entitled to those benefits from October 5, 2015, to July 2016 (a period of partial disability). But the court noted that the parties had not briefed whether Mr. Foust was entitled to further LWOP benefits beginning in July 2016, when he again became totally disabled. Absent such briefing, the court declined to resolve the issue. Id. at *8 n.5.

Second, the court held that Lincoln had wrongfully denied Mr. Foust's claim for LTD benefits. But in ordering Lincoln to pay such benefits, the court noted that there was an unresolved question regarding whether the amount of the award should be reduced because of a previous overpayment of benefits. The court instructed the parties to try and settle the matter but authorized them to file a motion if they were "unable to resolve this dispute without court intervention." Id. at *12.

On October 24, 2019, Lincoln filed this motion for entry of judgment. (ECF No. 55.) According to both the motion and Mr. Foust's opposition (see ECF No. 62), the parties have stipulated to the total amount of LTD benefits Lincoln owes to Mr. Foust, so the second issue has been resolved. But the first issue remains disputed. Lincoln asks the court to address the matter here and then enter judgment consistent with its findings.

Having reviewed the parties' briefing, the court concludes Mr. Foust is not entitled to any LWOP benefits after July 2016.

Mr. Foust's life insurance policy states that LWOP benefits "will terminate automatically on . . . the day the Insured Person ceases to be Totally Disabled." (Administrative Record

("AR")[1] 1333; see also AR 2372.)[2] It further states that "[i]f Total Disability ends, and the Insured Person does not return to a class eligible for Policy coverage[,] then he or she may exercise the Conversion Privilege." (AR 1333; AR 2374.) To be part of a "class eligible for Policy coverage," an individual must be an actively working, full-time employee. (AR 1322, 1324, 1327; AR 2368-70.) The Conversion Privilege allows a former employee to apply for an individual life insurance policy to replace the group life insurance policy he had during employment. (AR 1337; AR 2374.)[3]

In the court's view, these provisions apply directly to Mr. Foust's situation. He was totally disabled until October 4, 2015. During that time, his LWOP benefits preserved his life insurance coverage, even though he no longer made premium payments. By October 5, 2015, he was no longer totally disabled, so this benefit automatically ended. But because Mr. Foust did not return to full-time work, he "[did] not return to a class eligible for Policy coverage," so his coverage under the policy was terminated. At that point, the only option available to him was to convert his group policy to an individual policy. Nothing in the language of his insurance policies supports the conclusion that, when he again became totally disabled eight months later, his original coverage was resurrected.

---

[1] These citations are to the administrative record filed in support of the parties' motions for summary judgment. (See ECF Nos. 34-39.)
[2] Mr. Foust was insured under two life insurance policies. One is found at AR 1319 and the other is found at AR 2363. Quotations in this order come from the first policy, but the second policy's terms are substantively identical.
[3] Generally, an insured must apply to convert the group policy to an individual policy within thirty-one days of ceasing to be totally disabled. (AR 1337; AR 2374.) In reply, Lincoln states it will allow Mr. Foust to apply to convert the policy after the court enters final judgment in this action, and that (if his application is approved), the policy will be retroactive to October 5, 2015, consistent with the court's order that his LWOP benefits lasted until that date.

Mr. Foust does not directly address any of this language from the policy in his opposition to Lincoln's motion. Instead, he cites case law requiring that ambiguous terms in insurance contracts be construed against the insurer. See, e.g., LaAsmar v. Phelps Dodge Corp. Life, AD&D and Dependent Life Ins. Plan, 605 F.3d 789 (10th Cir. 2010). But Mr. Foust has not shown that any of the above provisions are ambiguous. Instead, the provisions straightforwardly explain why Mr. Foust is no longer covered under the policy.

Accordingly, the court concludes Mr. Foust is not entitled to an extension of his LWOP benefits beyond October 4, 2015. Instead, Mr. Foust, if he so desires, may invoke the conversion privilege available under the policy.

**ORDER**

Having resolved the only remaining outstanding issue, Lincoln's motion for entry of final judgment (ECF No. 55) is GRANTED. The court now enters final judgment as follows:

1. Mr. Foust is entitled to past due LTD benefits in the amount of $67,256.58, which will bring Plaintiff's LTD benefit payments current through October 11, 2019;

2. Mr. Foust's entitlement to ongoing LTD benefits is remanded to Lincoln; and

3. Mr. Foust's LWOP benefits extended his coverage under his life insurance policies through October 4, 2015. His coverage under these life insurance policies was terminated effective October 5, 2015, at which point the conversion provisions became operative.

DATED this 21st day of November, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge