IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DON FOUST,<br><br>                Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>                Defendant. | ORDER AND<br>MEMORANDUM OF DECISION<br><br>Case No. 2:17-cv-01208-TC |

Plaintiff Don Foust filed this action against Defendant Lincoln National Life Insurance Company ("Lincoln"), claiming Lincoln's denial of certain insurance benefits violated the Employee Retirement Income Security Act ("ERISA"). On September 24, 2019, the court agreed and granted Mr. Foust's motion for summary judgment. See Foust v. Lincoln Nat'l Ins. Co., Case No. 2:17-cv-01208-TC, 2019 WL 4645416 (D. Utah Sept. 24, 2019).

Mr. Foust now requests 10% prejudgment interest on the benefits awarded, $400.00 in costs, and $117,647.00 in attorney's fees. (ECF No. 52.) Lincoln does not challenge the rate of prejudgment interest or the award of costs.[1] The sole disputed matter is the request for attorney's fees.

---

[1] Lincoln asks only that prejudgment interest be simple rather than compound. Mr. Foust agrees to this request in reply.

## ANALYSIS

I.  **Entitlement to Fees**

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132. The Tenth Circuit has established five factors for the court to weigh in determining whether to award attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Gordon v. U.S. Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983). No single factor is dispositive and a court need not consider every factor in every case.

Cardoza v. United of Omaha Life Ins. Co., 708 F.3d 1196, 1207 (10th Cir. 2013).

Reviewing the factors, the court elects to award fees to Mr. Foust.

First, although both parties agree that Lincoln did not act in bad faith, Lincoln still has some level of culpability for wrongfully denying Mr. Foust's claim. In particular, the court notes that it found Lincoln's denial to be not only incorrect, but arbitrary and capricious, suggesting a level of blameworthiness that goes beyond a mistaken or negligent denial of a claim. See, e.g., McPherson v. Emps.' Pension Plan of Am. Re-Ins. Co., Inc., 33 F.3d 253, 256-57 (3d Cir. 1994) ("[B]ad faith normally connotes an ulterior motive or sinister purpose. . . . A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is blameable [or] censurable.") (internal quotations omitted).

Second, while Lincoln faults Mr. Foust for not providing evidence of Lincoln's ability to pay fees, Lincoln also provides no evidence showing that it could not pay fees. So at best, this

2

factor is neutral. Third, an award of attorney's fees is likely to provide at least some deterrent effect. See, e.g., Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984) ("If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA."). The fourth factor favors Lincoln, as the suit was not brought to favor all participants or beneficiaries and did not resolve any unique legal questions. But the fifth favors Mr. Foust. Although Mr. Foust did not prevail on every aspect of his claim, on the whole his position was far more meritorious.

In sum, the first, third, and fifth factors favor providing Mr. Foust with an award of attorney's fees.

## II. Amount of Award

In determining the amount of attorney's fees to award, the court uses the lodestar method, which requires determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

### A. Reasonable Rates

Mr. Foust requests that his primary attorney, Brian King, be awarded fees at a rate of $600 per hour; that Mr. King's associate, Brent Newton, be awarded fees at a rate of $290 per hour; and that a legal assistant, Kit Spencer, be awarded $140 per hour. (Declaration of Brian King, ¶ 10 (ECF No. 52-1).)

The court agrees with Lincoln that Mr. King's requested rate of $600 is excessive. Lincoln notes that in 2008, this court found $300 per hour to be a reasonable rate for Mr. King. See White v. Kroger, No. 1:06-cv-00080-TC, 2008 WL 216298 (D. Utah Jan. 23, 2008). A doubling of that fee in eleven years is unreasonable. Lincoln also points to a recent case that

found $395 per hour to be a reasonable rate in the Salt Lake City legal market. See Bodyguard Prod. v. Does 1-25, No. 2:18-cv-00026-DN, 2019 WL 4696279 at *3 (D. Utah Sept. 26, 2019). Based on the above, the court is persuaded that $400 per hour is a reasonable rate for Mr. King.[2]

Lincoln also challenges the rates requested for Mr. Newton and Ms. Spencer. Regarding Mr. Newton, Lincoln cites a case from 2006 that held that $175 per hour was a reasonable rate for an associate in Salt Lake City. But that case, Clements v. Resource Consultants, Inc., No. 2:04CV1008, 2006 WL 3421842 (D. Utah Nov. 22, 2006), does not actually engage in any analysis regarding whether $175 per hour is a reasonable rate. Rather, an attorney requested that amount, and the opposing party did not challenge it, so the court awarded it. Accordingly, this case is of little persuasive value in determining the reasonableness of the requested rate. In any event, while $175 may have been a reasonable rate in 2006, it clearly would have increased over the last thirteen years. The court concludes that $290 per hour is a reasonable rate today.

For Ms. Spencer, Lincoln asks that her rate be reduced to $125 per hour. In reply, Mr. Foust agrees to this reduction.

B. Reasonable Hours

Mr. Foust states that Mr. King worked 106.2 hours, Mr. Newton worked 93.7 hours, and Ms. Spencer worked 191.1 hours.[3] (King Decl. ¶ 15, Ex. 1 (ECF No. 53).)

---

[2] Mr. Foust notes that a federal court in Washington recently awarded $600 per hour to Mr. King. See Todd R. v. Premera Blue Cross Blue Shield of Alaska, Case No. C17-1041JLR, 2019 WL 1923034 (W.D. Wash. 2019). But in that action, the defendant "[did] not challenge the reasonableness" of the requested amount (id. at *2), so that award of fees is not particularly persuasive here.

[3] Mr. Foust's brief actually indicates Mr. Newton worked 97.3 hours but this appears to be a mistake. The spreadsheet submitted by Mr. King, which contains the breakdown of actual hours worked, shows that Mr. Newton worked 93.7 hours. (See ECF No. 53.)

Lincoln asks the court to strike 32 hours of work by Mr. King and 168.2 hours of work by Ms. Spencer because this work was performed as part of the initial administrative process, not the actual lawsuit. Mr. Foust concedes that "most Circuits have determined that prelitigation attorney fees and costs are not available to a prevailing ERISA litigant" but notes that "the Tenth Circuit has yet to weigh in on this question." (Reply at 8 (ECF No. 59).) Mr. Foust argues that "[t]his case provides the opportunity to evaluate the issue under the context of the plain language of the statute and correct an error that unduly limits awards of attorney fees." (Id.)

The court declines to undertake such an inquiry. While it is true the Tenth Circuit has not directly addressed the issue, other district courts in this circuit have done so and have consistently agreed that these fees are not available. See, e.g., Cardoza v. United of Omaha Life Ins. Co., No. CV 09-1003 MV/WPL, 2012 WL 12903087 at *3 (D.N.M. Jan. 27, 2012); Cross v. Qwest Disability Plan, No. 08-cv-00516, 2010 WL 5476790 at *6 (D. Colo. Dec. 30, 2010). Mr. Foust has not persuaded this court to depart from their reasoning. Accordingly, the court concludes that administrative work preceding the action is not compensable under ERISA, and Mr. Foust's fee award will be reduced in the amount requested.

Lincoln also notes that Mr. King spent approximately 24.1 hours reviewing and revising the work of Mr. Newton, which Lincoln argues was excessive. The court disagrees. Some level of review and revision is necessary. According to Lincoln's calculations, Mr. King spent 24.1 hours reviewing work that took Mr. Newton 75.1 hours to complete. The court concludes this is a reasonable amount of oversight.

Finally, Lincoln requests that the court reduce two of Ms. Spencer's entries for sending emails from .3 hours to .1 hours. In reply, Mr. Foust states that he does not object to this

reduction.

Accordingly, the court concludes that Mr. King reasonably worked 74.2 hours, Mr. Newton reasonably worked 93.7 hours, and Ms. Spencer reasonably worked 22.5 hours.

**ORDER**

Mr. Foust's motion for prejudgment interest, attorney's fees, and costs (ECF No. 52) is GRANTED.

The court awards Mr. Foust prejudgment interest at the rate of 10%, costs in the amount of $400.00, and attorney's fees in the reduced amount of $59,665.50.

DATED this 21st day of November, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge